IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

BRUCE WAYNE MORRIS,

        Petitioner

   v.

JILL BROWN, Warden, San Quentin State Prison,

        Respondent
_____/

CIV. NO. S-92-0483 EJG/GGH P

**DEATH PENALTY CASE**

<u>ORDER GRANTING IN PART AND DENYING IN PART REQUEST FOR CERTIFICATE OF APPEALABILITY</u>

    Petitioner, a state prisoner proceeding by counsel has filed a notice of appeal from and a request for a certificate of appealability of this court's April 27, 2005 order adopting the Magistrate Judge's Findings and Recommendations and denying his Petition for a Writ of Habeas Corpus.

    Section 2253 of Title 28 of the United States Code provides that "[a]n appeal may not be taken to the court of appeals from the final order in a habeas corpus proceeding . . . unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Such certification may issue "only if

1

the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253©)(2). The court must either issue a certificate of appealability indicating which issues satisfy the required showing or must state the reasons why such a certificate should not issue. Fed. R. App. P. 22(b)(1). Interpreting the predecessor to section 2253, the Supreme Court held that a certificate of probable cause should issue when petitioner has made a "'substantial showing of the denial of [a] federal right.'" <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 (1983). To make that showing, petitioner must demonstrate that the issues are debatable among jurists of reason, that a court could resolve the issues in a different manner, or that the questions are adequate to deserve encouragement to proceed further. <u>Id.</u> n.4.

    Petitioner has listed three issues in his request for a certificate of appealability which he asserts meet the above standard: 1) denial of <u>Brady</u> claim concerning the Roberts letter; 2) denial of <u>Brady/Napue/Alcorta</u> <u>claim</u> concerning the Marshall memo; and 3) denial of motion to strike government's reply to petitioner's objections to findings and recommendations. The court agrees that the first two issues "are debatable among jurists of reason" and, therefore, will issue a certificate of appealability as to them. The third issue does not implicate a constitutional right; accordingly, no certificate will issue as to that issue.

///

2

<u>CONCLUSION</u>

1. Petitioner's May 21, 2005 request for a certificate of appealability is GRANTED as to the first and second issues and DENIED as to the third; and

2. A certificate of appealability will issue in accordance with the terms of this order.

IT IS SO ORDERED.

Dated: May 26, 2005

<u>/s/ Edward J. Garcia</u>
_____
EDWARD J. GARCIA, JUDGE
UNITED STATES DISTRICT COURT

3